**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4087**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE GARCIA ESTRADA, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00161-NCT)

Submitted:  December 3, 2007      Decided:  December 26, 2007

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 6, 2006, pursuant to a plea agreement, Jose Garcia Estrada, Jr., pled guilty to Count Two of an eight count indictment, possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (West 2000 and Supp. 2007). Prior to sentencing, the probation office prepared a presentence report, in which it determined Estrada to be a career offender. As Estrada was convicted of violating § 924(c) and determined to be a career offender, U.S. Sentencing Guidelines Manual § 4B1.1(c)(3) provided the applicable advisory guidelines range. Based on Estrada's acceptance of responsibility and a three point reduction for that acceptance, section 4B1.1(c)(3) recommended an advisory range of 262 to 327 months' imprisonment.

On January 9, 2007, the district court sentenced Estrada to 280 months' imprisonment. Estrada timely noted his appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).* In his Anders brief, Estrada questions whether his sentence was reasonable. We affirm the judgment of the district court.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. The district court must calculate the appropriate advisory

---

*Estrada was informed of his right to file a pro se supplemental brief. He has elected not to do so.

guidelines range by making any necessary factual findings. <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir. 2006). The court should then consider the resulting advisory guideline range in conjunction with the factors set out in 18 U.S.C. § 3553(a) (West 2000 and Supp. 2007), and determine an appropriate sentence. <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006). However, considering the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a). <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006). On appeal, this court will affirm a sentence that falls "within the statutorily prescribed range and is reasonable." <u>Moreland</u>, 437 F.3d at 433. A sentence within a properly calculated advisory guideline range is presumed to be reasonable. <u>Rita v. United States</u>, 127 S. Ct. 2456, 2459 (2007).

Here, Estrada's sentence was both substantively and procedurally reasonable. Estrada began committing felonies at age fourteen and his involvement with crime has continued unabated. Estrada is only twenty-seven years old. However, in thirteen years, Estrada has accumulated multiple felony convictions, a number of which involve guns and drugs. Estrada's sentence, near the lower end of his guideline range, appropriately reflects his serious criminal history.

Similarly, Estrada's sentence was procedurally reasonable. Prior to sentencing Estrada, the district court

properly determined Estrada's advisory guideline range, heard the argument of counsel, and rejected defense counsel's position that Estrada had a drug addiction. The context surrounding the imposition of Estrada's sentence indicates that the court considered the arguments and recommendations of counsel and the factors in § 3553(a). See Montes-Pineda, 445 F.3d at 381. Accordingly, we determine that the sentence was reasonable. Rita, 127 S. Ct. at 2459.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Estrada, in writing, of the right to petition the Supreme Court of the United States for further review. If Estrada requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Estrada.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED